THE JOHN C. GROUB COMPANY *v.* BROCK.

[No. 14,558.  Filed May 6, 1932.]

*John Rynerson* and *Donald P. Shinn,* for appellant.

*D. J. McGinnis, C. J. Walker* and *A. T. Conner,* for appellee.

CURTIS, J.—The appellee, Ed Brock, filed his application for compensation against The John C. Groub Company, appellant, before the Industrial Board of Indiana, in which he claimed compensation for an injury sustained by him on November 3, 1930, by reason of an accident alleged to have arisen out of and in the course of his employment by the appellant. The appellant defended upon the theory that the appellee was an independent contractor and, therefore, not entitled

to workmen's compensation. The matter was heard before a single member of the board, who made an award of compensation to the appellee. The appellant filed its application for a review by the full board. Upon the hearing before the full board, it found, among other things: "That on the 3rd day of November, 1930, the plaintiff received personal injuries by reason of an accident arising out of and in the course of his employment by the above named defendant, of which defendant had knowledge at the time but did not furnish the necessary medical attention; that the plaintiff's average weekly wage at the time of receiving said injury was $30.00 and that the plaintiff is entitled to compensation at the rate of $16.50 per week, beginning on the 11th day of November, 1930, and continuing until the 3rd day of April, 1931, the date plaintiff returned to work." Upon the finding, the full board made an award of compensation to the appellee, whereupon this appeal was prayed and perfected.

The errors assigned and relied upon for reversal are: "(1) That the award of the full Industrial Board in said cause is contrary to law. (2) That the facts found by the full Industrial Board in said cause are not sustained by sufficient evidence. (3) That the Industrial Board erred in overruling appellant's objection to the questions asked of Mr. Reynolds and Mr. Herndon as to whether or not they could have discharged appellee."

The Indiana Workmen's Compensation Act provides that: "An assignment of errors that the award of the full board is contrary to law shall be sufficient to present both the sufficiency of the facts found to sustain the award and the sufficiency of the evidence to sustain the finding of facts." See §61 Indiana Workmen's Compensation Act, Acts 1929, ch. 172, p. 536. It is now well settled that all alleged errors may be presented under the above assignment. It will,

therefore, not be necessary to consider the three errors assigned separately. *Sollitt & Sons* v. *Bickel* (1932), 93 Ind. App. 665, 179 N. E. 327; *Frazer* v. *McMillin & Carson* (1932), *post* 431, 179 N. E. 564; *Pedlow* v. *Swartz Electric Co.* (1918), 68 Ind. App. 400, 120 N. E. 603; *Union Sanitary Mfg. Co.* v. *Davis* (1917), 63 Ind. App. 548, 114 N. E. 872.

The main question for determination is whether or not the board was in error in finding that the appellee was an employee of the appellant and not an independent contractor. The alleged error in the admission of certain evidence will also be considered.

The evidence shows that: The witness Alf Reynolds was at the time in question the supervisor of the grocery business of the appellant, The John C. Groub Company, and that, among his duties, he opened up new stores and has charge of the retail stores in his division; that, in opening up the new stores, he did about everything that was to be done, including the hiring of carpenters and painters in getting the storerooms ready for occupancy; that the appellee was first employed by him to do some work on what was known as "the Third Street Store" and was, about 13 months later, employed by him to do some work on the Washington Street Store where the injury occurred; that he did not talk directly to the appellee at the time of the first employment, but did talk with a Mr. Becker, a paint man across the street, who furnished the paint; that, after the appellee had been employed by Becker, the witness told the appellee how he wanted the work done and he was at the Third Street Store once and sometimes twice a day for the period of 10 days or two weeks during the progress of the work; that the appellee had some trouble in the room because of the plastering causing spots, and the witness directed him to use some "sizer" and to go ahead and cover it with paint until it was

in good condition; that the witness selected the paint and also told the appellee how he wanted the shelving and counters stained and varnished; that, when the Washington Street Store was to be prepared for occupancy, the witness instructed a Mr. Herndon, who was manager of the Third Street Store and assistant supervisor for the appellant, to call the appellee; that he instructed Herndon to tell the appellee "to get enough help to get that job completed as soon as possible"; that he was at the job almost every day during the two weeks time it took to do the work; that he directed the appellee to start first to take off the old paper and then paint the walls; that he didn't have any arrangement about the pay; that likewise he had no arrangement about the pay on the first job, but depended upon Mr. Becker to get a man "that wouldn't hold me up"; that the appellee was paid by the hour on both jobs; that he had no conversation with the appellee about the pay on the Washington Street job; that he directed the appellee as to the shelving and told him he wanted them stained, shellacked and varnished. Over the objection of the appellant, the witness was asked the question as to whether or not he had the right to discharge the appellee, and he answered: "Why yes, I claim I had a right to discharge him anytime." The appellant in its brief has not set out the ground or reason for the objection. The evidence of the appellee corroborates in a great measure the evidence of the witness Reynolds. He also testified that "there wasn't a thing mentioned about the pay at all"; that both Herndon and Reynolds were there two or three times on Sunday when the work was started and both said, "We want the paper taken off first and we want the ceilings and sidewalls painted and we don't want no green paint used in here like the other store, we want a light buff"; that Mr. Reynolds measured off space and said, "Take the paper off here

where the partition is going to be and when we get the partition up we want it stained, shellacked and a coat of varnish on it"; that there were a lot of nail holes in the plaster and Reynolds said "Now don't putty them holes up, it takes too long, we are going to have some counters and they will hide them"; that on Monday Reynolds said "If I knew that paper had been that thick I never would have had it painted, I would have had it papered."; that the paper was 11 layers thick; that on Sunday, the day the work started, he said, "Hire another man, I want to get that job done in a hurry. You may have to work a little late every night."; that the appellee hired his brother to help and, after the injury, which occurred on Monday following the commencement of the work, the brother hired another man to help and the two finished the job; that these two men used the equipment and paint brushes belonging to the appellee in finishing the work; that these two men got some money and groceries on Saturday night at the end of the first week from the store of appellant; that, when the job was finished, it was billed by the appellee at 211½ hours at 65 cents per hour and paid by check to the appellee; that appellee paid his brother and the other man 50-cents per hour and kept the rest for the use of his brushes and equipment, after deducting the amount he had paid the store where they got the money and groceries; that the appellee very seldom does any contract painting. The witness Herndon told substantially the same story as Reynolds and the appellee. He also said that he told the appellee "that if he took care of the one helper then to present the bill as a whole and I would OK it and it would be paid," and that he did it that way to eliminate bookkeeping. He also said he employed and discharged help as a part of his duties and, over the objection of the appellant, in answer to the question as to his right to discharge the

appellee, he said: "Well, I believe Mr. Brock was the same as any other employee of the The John C. Groub Company and one of the supervisors would have the right to discharge him. I would say yes." The appellant has not set out the basis or ground of its objection in its brief. This witness also says that it was at his suggestion that the appellee get another painter to help. There was no other evidence material to the determination of this controversy except the receipted bill of the appellee for 211½ hours work at 65 cents per hour. This item of evidence was not in dispute.

We believe there was no reversible error in the admission of the alleged incompetent evidence. It may be said that the rule is entirely settled in this state that the admission of incompetent evidence will not operate to reverse the award of the board if there be any basis in the competent evidence to support it. The Industrial Board is not a court, but an administrative body, and.it will not be held to the same strict rules as courts are held with respect to the admission of evidence. This rule has been announced in many of our decisions. We cite but two of them. *United Paperboard Co.* v. *Lewis* (1917), 65 Ind. App. 356, 117 N. E. 276; *Kauffman* v. *Bardo* (1925), 83 Ind. App. 482, 148 N. E. 496.

In determining the question whether the evidence is sufficient to sustain an award, that evidence alone favorable to the appellee must be considered. *Haskell, etc., Car Co.* v. *Brown* (1917); 67 Ind. App. 178, 117 N. E. 555. In *Interstate Iron, etc., Co.* v. *Szot* (1917), 64 Ind. App. 173, 115 N. E. 599, the following principle is laid down: "The board's finding of fact in any case comes to us on appeal as fully accredited as the verdict of a jury or the finding of a court in an appeal in an ordinary civil action. This court is authorized to set aside such a finding only

when entirely unsupported by the evidence in some respect essential to sustain the award." The principles underlying the determination of the question as to whether a workman is an employee or an independent contractor have been so thoroughly discussed in recent decisions of this court that we do not deem it necessary herein to reiterate them, but we cite the following cases: *Lazarus* v. *Scherer* (1931), 92 Ind. App. 90, 174 N. E. 293; *Makeever* v. *Marlin* (1931), 92 Ind. App. 158, 174 N. E. 517; *Petzold* v. *McGregor* (1931), 92 Ind. App. 528, 176 N. E. 640; *Olsen* v. *Canter* (1931), 93 Ind. App. 150, 176 N. E. 27. Applying the principles laid down in the cases above cited to the evidence in the instant case, we conclude that there is ample competent evidence to sustain the finding of the board that the appellee was an employee and not an independent contractor, and that the award of the board is not contrary to law.

Award affirmed, with the usual statutory penalty of five per cent.