LaReau *v.* Teibel et al. Doing Business as Teibel's Restaurant.

[No. 18,883. Filed November 15, 1956.]

*Robert D. Symmes,* of Indianapolis, for appellant.

*Riley, Reed, Murphy & McAtee* and *Jesse W. McAtee* (of counsel), of East Chicago, for appellees.

KELLEY, J.—This is an attempted appeal from the Full Industrial Board of Indiana. The assignment of errors are:

1. The Industrial Board erred in dismissing the appellant's application for claim (form 9) for want of prosecution.

2. The Industrial Board erred in allowing the appellee to file its special appearance on September 16, 1949.

3. The Industrial Board erred in overruling the appellant's demurrer to the special answer filed by the appellee to her application for review on account of change of condition (form 14).

Appellees, in addition to claimed insufficiencies of appellant's brief, assert that said assignments of error are not proper and present no question.

The assignments of error do not assign or assert that the award of the Full Board is contrary to law. A question posed, therefore, is whether on appeal from an award of the Full Industrial Board in a compensation case, it is essential, in order to invoke our appellate power, to assign the statutory assignment that the award is contrary to law.

The original Workmen's Compensation Act of 1915, (Acts 1915, ch. 106, page 392), provided, in Section 61, for an appeal "for errors of law under the same terms and conditions as govern appeals in ordinary civil actions." Said Section 61 was amended in 1917, (Acts 1917, ch. 63, Sec. 3, page 154), by adding the provision that "An assignment of error that the award of the full board is contrary to law shall be sufficient to present both the sufficiency of the facts found to sustain the award and the sufficiency of the evidence to sustain the finding of facts." The case of *Haskell and Barker Car Company* v. *Brown et al.* (1917), 67 Ind. App. 178, 117 N. E. 555, was apparently decided upon an appeal taken prior to the effective date of said 1917 amendment. In that case there were four assignments of error, the fourth being that the award was contrary to law. The third assigned that the award was not sustained by sufficient evidence. Upon the contention that the first assignment presented no question, the court held that the first assignment was in fact presented by the third assigned error, and said: "In view of the fact that a motion for new trial is not provided or contemplated by the act in question, we think the third assigned error is proper *under the original act* . . . ." (Our emphasis). The court made reference to the 1917 amendment but made no pronouncement upon it.

In *Bimel Spoke and Wheel Company* v. *Loper* (1917), 65 Ind. App. 479, 117 N. E. 527, apparently decided

upon an appeal taken after the 1917 amendment became effective, the first and second assigned errors alleged that the award was contrary to law, and the third alleged error in the overruling of appellant's motion. Appellee contended the latter assignment presented no question. The court held that the assignment of error provided by the statute, as amended, "does not prevent the appealing party from presenting *other* errors of law . . ., nor from making *separate* assignments of error as to each of the two propositions" authorized by statute to be made by one assignment. (Our emphasis).

The aforesaid two cases offer little assistance to the solution of the instant problem. In each of said cases the assignment was made that the award was contrary to law. The Haskell case approved the third assignment only as being proper under the original act (1915). The Bimel case held only that the statutory provision did not prevent presentation of "other" errors nor the making of "separate" assignments. Further, the original 1915 Act and the 1917 amendment were repealed and a new Workmen's Compensation Law enacted by Acts 1929, ch. 172, page 536. The 1929 Act contains the same provision as to the assignment of errors as was found in the 1917 amendment. See Acts 1929, ch. 172, Sec. 61, page 559.

Our independent research has failed to disclose any case in our courts wherein the challenged assignment of errors failed to contain an assignment that the award appealed from is contrary to law. Many cases are found in which the court holds that such assignment presents all questions and that other assignments present no questions or that consideration thereof is unnecessary. For example, in *Ralph Sollitt and Sons* v. *Bickel* (1932), 93 Ind. App. 665, 668, 179 N. E. 327, the assignments of error were,

first, that the award is contrary to law, and, second, that the award is "contrary to the facts." The court said: "This last assignment of error presents no question." See, also, *Frazer et al.* v. *McMillin and Carson* (1932), 94 Ind. App. 431, 434, 435, 179 N. E. 564. And in *The John C. Groub Company* v. *Brock* (1932), 94 Ind. App. 346, 348, 180 N. E. 923, the assignments were that the award is contrary to law, that the facts found are not sustained by sufficient evidence, and that the Board erred in overruling appellant's objection to certain questions. The court said: "It is now well settled that all alleged errors may be presented under the above assignment [That the award is contrary to law]. It will, therefore, not be necessary to consider the three errors assigned separately." (Words in brackets are ours).

A more direct and lucid holding is found in *Fashion Thimble Shoe Company* v. *Withrow* (1942), 110 Ind. App. 668, 671, 40 N. E. 2d 359. In that case there were four assignments of error. In substance they were: (1) The award is contrary to law; (2) The Board erred in finding against appellant on its first paragraph of special answer; (3) The Board erred in finding against appellant on its second paragraph of special answer; and (4) The Board erred in finding that the action was not barred by the Statute of Limitations. The court held that "The first of such assignments *is the only proper one under the law* and is sufficient to present all questions." (Our emphasis).

"Since there is no need in compensation proceedings for demurrers, pleas in abatement, motions for new trial, motions to set aside an award, or for exceptions, no error can be predicated on rulings made on such procedure. *The statutory assignment is the only avenue to review,* and all alleged errors may be presented thereunder." (Our emphasis). Small, Workmen's Com-

pensation Law of Indiana, page 414, section 12.14, notes 52, 53, 54 and 55.

It would seem that in effectuating the orderly and efficient administration of justice, including the sound determination and proficient disposition of appeals, it is essential that the ground of alleged error assigned be definite and certain. To that end the assertable grounds of a motion for new trial in ordinary civil actions are definitely prescribed by statute. And our courts have consistently held that specifications of error in a motion for new trial not prescribed by the statute present no question for consideration upon appeal. *Dugan* v. *Dugan* (1945), 115 Ind. App. 329, 58 N. E. 2d 936. In Workmen's Compensation proceedings the motion for a new trial finds no place and the legislature, apparently in lieu thereof and in furtherance of its evident intent to simplify and expedite such proceedings, made provision for one definite assignment of error upon which all appropriate propositions of claimed error can be based. Our Supreme Court has indicated its inclination relative to the matter in *Cole* v. *Sheehan Construction Company* (1944), 222 Ind. 274, 279, 280, 53 N. E. 2d 172. With reference to the effect of the failure of the Industrial Board to make a finding, the court announced:

"There is no such thing as a motion for new trial in a compensation proceeding, but 'an assignment of errors (in the Appellate Court) that the award of the full board is contrary to law shall be sufficient to present both the sufficiency of the facts found to sustain an award and the sufficiency of the evidence to sustain the finding of facts.' . . . Under the civil practice the failure of the trial court to find facts established by the evidence, and which should have been found, may be challenged by a motion for a new trial on the ground that the findings are contrary to law. . . . *But under the compensation law such an error is presented by*

*assigning that the award is contrary to law and by
an appropriate proposition based thereon* in the appellant's brief." (Our emphasis).

It does not appear logical nor conducive to proper and understandable appellate procedure that an appellant should be authorized to assign asserted errors in promiscuous and unrestricted fashion. Such authorization could result only in unwieldiness, indefiniteness and uncertainty, and cast upon the court the irksome duty in many cases of endeavoring to unravel diverse, contradictory and ofttimes ill-phrased attempted assignments of error. Further, grievous delay in deciding appealed causes would probably become the rule rather than the exception; and the oft-stated legislative intent to provide for the expeditious consideration of compensation cases would be frustrated. It seems more consonant with the indicated holdings of our courts, the acknowledged legislative intent, and efficient appellate procedure to hold that in appeals from the Industrial Board under the provisions of the Workmen's Compensation Act the statutory assignment that the award is contrary to law is the proper and only efficacious assignment of error, and is sufficient to warrant the appropriate presentation in appellant's brief of all asserted propositions of error.

The statute, of itself and without more, does not serve to supply the assignment for the appealing party. To invoke appellate review, a proper assignment of error must be filed as provided by the Rules of the Supreme Court. "An assignment of errors in this court on the appeal of a cause is appellant's pleading, tendering an issue of law. It may be said to be the very foundation upon which he rests his right to require to examine and review the errors imputed to the trial court. It is essential in order to invoke the appellate

power of the court, and in its absence such power can not be properly exercised". *Cortez, et al.* v. *Freed, et al.* (1938), 105 Ind. App. 640, 641, 16 N. E. 969.

Appellant has failed to file a proper assignment of error and, therefore, has presented no question for review. In the absence of an assignment of error, it is proper that the appeal be dismissed.

Appeal dismissed.

NOTE.—Reported in 138 N. E. 2d 153.