WEBSTER *v.* INDIANA DEPARTMENT OF PUBLIC INSTRUCTION.

[No. 19,668. Filed January 2, 1962.]

*Frank A. Webster, pro se.*

*Edwin K. Steers,* Attorney General, and *Harold H. Kohlmeyer,* Deputy Attorney General, for appellee.

RYAN, C. J.—The appellant filed the following assignment of errors:

> "1. The administrative board erred in its conclusions of law in denying the appellants claim for workmen's compensation on the basis that the injury, etc., did not arise out of and was not within the course of employment.
> "2. The administrative board erred in its failure to consider certain evidence tendered by the appellants designated as Items No. 1 and No. 2 in the record."

to which the appellee has filed its motion to dismiss.

The transcript does not contain any award. We are thus unable to determine whether the Full Industrial Board made an award, or if they did, what that award was. It is axiomatic that in civil cases the final judgment is part of the record and must appear therein or else we cannot determine a question concerning it on appeal. *Acme-Goodrich, Inc.* v. *Neal, Executor etc.* (1959), 129 Ind. App. 614, 156 N. E. 2d 790. It seems only logical that to determine the correctness of an award by the Industrial Board, the same should be in the record.

Further, we have held that under the statute, Burns' §40-1512, that the only avenue of review is the assignment that the award of the Full Board is contrary to law.

As we said in *LaReau* v. *Teibel et al. etc.* (1956), 127 Ind. App. 92, 138 N. E. 2d 153, at 127 Ind. App. page 98:

"It does not appear logical nor conducive to proper and understandable appellate procedure that an appellant should be authorized to assign asserted errors in promiscuous and unrestricted fashion. Such authorization could result only in unwieldiness, indefiniteness and uncertainty, and cast upon the court the irksome duty in many cases of endeavoring to unravel diverse, contradictory and ofttimes ill-phrased attempted assignments of error. Further, grievous delay in deciding appealed causes would probably become the rule rather than the exception; and the oftstated legislative intent to provide for the expeditious consideration of compensation cases would be frustrated. It seems more consonant with the indicated holdings of our courts, the acknowledged legislative intent, and efficient appellate procedure to hold that in appeals from the Industrial Board under the provisions of the Workmen's Compensation Act the statutory assignment that the award is contrary to law is the proper and only efficacious assignment of error, and is sufficient to warrant the appropriate presentation in appellant's brief of all asserted propositions of error."

An examination of the transcript also shows that there has been no certification thereof.

For these reasons, the appeal is dismissed.

NOTE.—Reported in 178 N. E. 2d 909.