DAVIDSON *v.* REVIEW BOARD OF INDIANA EMPLOYMENT SECURITY DIVISION ET AL.

[No. 19,819. Filed February 8, 1963.]

*Richard P. Tinkham, Jr., James K. Sommer,* and *Briggs, Berner & Sommer,* all of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, *Keith Campbell, Edward N. Smith* and *William D. Ruckelshaus,* Deputy Attorneys General, for appellee.

COOPER, C. J.—This matter comes before us to review the action of the Review Board of the Indiana Employment Security Commission in denying the appellant the right to draw unemployment benefits under the Employment Security Act. Sec. 52-1525, *et. seq.,* Burns'.

In reviewing the record now before us, it affirmatively appears that the appellant has failed to invoke the jurisdiction of this court to decide this attempted review on the merits by failing to file a proper assignment of errors.

Rule 2-6 of the Supreme Court of Indiana provides, in part:

"There shall be attached to the front of the transcript, immediately following the index, a specific assignment of the errors relied upon by the appellant in which each specification of error shall be complete and separately numbered. . . ."

It is the general rule that the assignment of errors constitutes the appellant's complaint in this court. Our Supreme Court has stated, in substance, that it is a requisite to any appeal, and without a proper assignment of errors, no jurisdiction is conferred upon the appellate tribunal. See *Bolden* v. *State* (1956), 235 Ind. 695, 131 N. E. 2d 301;

*Davis* v. *Pelley* (1952), 230 Ind. 248, 251, 102 N. E. 2d 910; §2381, Flanagan Wiltrout and Hamilton's, Indiana Trial and Appellate Practice, and authorities cited therein.

> Rule 2-6 of the Supreme Court also applies to reviews of decisions of administrative tribunals, ■ and the statutory assignment is the only avenue to a review by this court.

Although the appellee did not call this to our attention, it is incumbent upon this court to take notice of its lack of jurisdiction when the appellee fails in the duty to apprise us of such fact. *Ball Brothers Company* v. *Review Board, etc.* (1961), 131 Ind. App. 683, 172 N. E. 2d 898; *Catherwood* v. *McIntyre* (1934), 99 Ind. App. 220, 221, 192 N. E. 109, and authorities cited therein.

In reviewing the Employment Security Act, we find the following pertinent statement in §52-1542k, Burns', 1962 Supp.:

> "The appellant shall attach to said transcript an assignment of errors. An assignment of errors that the decision of the review board is contrary to law, shall be sufficient to present both the sufficiency of the facts found to sustain the decision and the sufficienty of the evidence to sustain the findings of facts. . . ."

The appellant's assignment of errors in the matter now before us, omitting the formal caption and signatures, reads as follows:

> "Appellant Alice R. Davidson respectfully shows to the Court that there is manifest error in the decision of the Review Board of the Indiana Employment Security Division and the proceedings in this cause, which is prejudicial to appellant, in this:

"1. The Board erred in denying appellant's application for leave to introduce additional evidence.

"2. There was not sufficient evidence introduced in any of the proceedings in this cause to sustain a finding that appellant failed without good cause to accept an offer of suitable employment.

"3. There was not sufficient evidence to support the decision of the referee issued in Case No. 61-A-2293 on September 7, 1961.

"4. The Board erred in affirming the referee's decision in this cause."

The general rule seems to be that in applications for a judicial review of proceedings before administrative boards, the statutory assignment that ■ an award and/or a decision is contrary to law is the only proper and sufficient assignment of error to invoke our jurisdiction in order that we may review such cause upon the merits. The rule is eloquently stated in the well-considered opinion in the case of *LaReau* v. *Teibel et al. etc.* (1956), 127 Ind. App. 92, 138 N. E. 2d 153; see, also, *Webster* v. *Indiana Dept. of Pub. Instruction* (1962), 132 Ind. App. 595, 178 N. E. 2d 909.

The appellant, having failed to file a proper assignment of errors, has presented no question for review. In the absence of a sufficient assignment of error, it is proper that the appeal be dismissed.

Carson, Clements, and Ryan, JJ., concur.

NOTE.—Reported in 187 N. E. 2d 586.