APACHE COACH CO. *v.* IND. EMP. SEC. BD. *et al.*

[No. 20,616.  Filed November 15, 1966.]

*Robert Good,* of Shelbyville, for appellant.

*John J. Dillon,* Attorney General, and *William E. Matheny,* Deputy Attorney General, for appellees.

HUNTER, J.—This action is presently before us on appellees' motion to dismiss this appeal.  The action arose as a result of a Notice and Demand for Payment sent by the Indiana Employment Security Division assessing payroll contributions, interest and penalties against appellant-company under the Indiana Employment Security Act.

At the request of appellant there was a hearing before the Liability Referee for the Indiana Employment Security Board who rendered a decision that appellant-company was liable for the assessment. Thereafter appellant filed its notice "of the intention of the employer, Apache Coach Co., Inc., to seek a judicial review of the decision of the Liability Referree [Referee] rendered May 16, 1966.", and filed its transcript and assignment of errors in this court, *all in due time.*

The only ground alleged in appellees' motion to dismiss is that appellant's assignment of errors, "that the decision of the *Review Board* was contrary to law," is improper and confers no jurisdiction upon this court. (Emphasis supplied.)

The pertinent provisions of the statutes of Indiana governing the procedure as it concerns the assessment of contributions, interest, or penalties are set forth in § 52-1554(a) through § 52-1554(d), Burns' 1964 Repl. and § 52-1557 through § 52-1557(l), Burns' 1964 Repl.

Under Article XXXIII, § 52-1557, et seq., *supra,* dealing with an employer's liability and remedies, it is stated in § 52-1557(c) :

"An employing unit shall have fifteen (15) days within which to protest in writing initial determinations of the board with respect to the assessment of contributions, . . ."

In other words, the employer may protest the initial determination of the board. Subsequently, the board "shall refer the written protest to a liability referee . . ." who shall give notice, hold a hearing, and make findings and conclusions to "affirm, modify, or reverse the initial determination of the board." § 52-1557(d), *supra.*

It seems that under this article, the liability referee reviews the determination of the board, as opposed to the board reviewing the referee's determination under Article XVIII, § 52-1542(b), (j), and (k), Burns' 1964 Repl., (dealing with claims of employees for benefits.)

Consequently, under the facts at bar it is the liability referee's decision from which the appellant is seeking review not the Review Board's decision. The liability referee reviews the board's initial determination and his decision is final and conclusive except for the additional procedure of judicial review. § 52-1557(h), *supra*. Therefore, any assignment of errors attempting to assign the review board's decision as error would be improper as an employing unit must appeal from the decision of the liability referee. There is no appeal available from the board's decision.

These are the reasons for § 52-1557(k), *supra,* providing:

"An assignment of errors that the decision of the liability referee is contrary to law shall be sufficient to present both the sufficiency of the facts found to sustain the decision, and the sufficiency of the evidence to sustain the finding of facts."

We have been unable to find any decision interpreting the above section and none has been cited to us. However, a similar section, § 52-1542(k), Burns' 1964 Repl., concerning assignment of errors in claim cases under said Act, providing, in part, as follows:

"An assignment of errors that the decision of the review board is contrary to law, shall be sufficient to present both the sufficiency of the facts found to sustain the decision, and the sufficiency of the evidence to sustain the findings of facts.",

has been interpreted by the court to be the only proper assignment of errors on appeal to this court. *Davidson* v. *Review Bd. of Ind. Emp. Sec. Div.* (1963), 134 Ind. App. 313, 315, 187 N. E. 2d 586.

The law prior to 1947 concerning appeals in assessment cases, under which the decision of the Liability Referee was reviewed by the Circuit Court, provided that "[a]n assignment of errors that the decision of the *court* is contrary to law

shall be sufficient to raise both the sufficiency of the facts found to sustain the decision of the liability referee and the sufficiency of the evidence found to sustain the findings of the fact." (Emphasis supplied.) Under the former Act, this court, in *Gardner* v. *Lohmann Const. Co.* (1945), 116 Ind. App. 132, 137-138, 62 N. E. 2d 867, dismissed the appeal stating that "[t]he assignment of error attached to and filed with the transcript should charge that the 'decision of the court is contrary to law'. . . ."

It has been held that an assignment of error that the award of the Industrial Board is contrary to law, as provided in § 40-1512, Burns' 1965 Repl., is the only proper assignment of errors in a review of an award under the Workmen's Compensation Act, and that other assignments present no question.

Statutory provisions also specify the assignment of errors in appeals from orders of the Public Service Commission, and in the Workmen's Occupational Disease Act. Flanagan, Wiltrout & Hamilton, *Indiana Trial & Appellate Practice*, § 2398, p. 166 (1952).

It is our opinion that the Legislature, by the Employment Security Act, provided separate procedures before the Employment Security Division and on appeal to this court in cases involving claims for unemployment compensation and those involving assessment of contributions.

Therefore, in our opinion, under the procedure set forth in the Indiana Employment Security Act, on an appeal from the decision of the Liability Referee *assessing contributions*, the only proper assignment of errors is that the decision of the Liability Referee is contrary to law.

Therefore, appellant having failed to file a proper assignment of errors, appellees' motion to dismiss should be sustained and this appeal dismissed.

Appellees' motion to dismiss is sustained, and this appeal is dismissed.

Smith, C.J., Carson, Faulconer, Mote and Prime, JJ., concur.

Bierly, J., concurs in result.

Wickens, P.J., dissents without opinion.

NOTE.—Reported in 221 N. E. 2d 369.