283 N.E.2d 395 (1972)
Alfred McKinley, Appellant,
v.
REVIEW BOARD OF THE INDIANA EMPLOYMENT SECURITY DIVISION ET AL., Appellees.
No. 1171A239.
Court of Appeals of Indiana, Division No. 2.
June 5, 1972.
John T. Manning, Indianapolis, Ronald E. Elberger, for appellant.
Theodore L. Sendak, Atty. Gen., Darrel K. Diamond, Deputy Atty. Gen., for appellees.

ON APPELLEE REVIEW BOARD'S MOTION TO DISMISS
SULLIVAN, Judge.
The matter is before us for judicial review of a decision of the Review Board of the Indiana Employment Security Division. Appellee Board has filed its motion to dismiss asserting that appellant has failed to invoke the jurisdiction of the Court of Appeals because the assignment of errors filed by appellant does not specifically state that the decision of the Board is "contrary to law."
The statute pertaining to judicial review of the decisions of the Review Board of the Employment Security Division, IC 1971, XX-X-XX-XX, Ind. Ann. Stat. § 52-1542k (Burns 1964), provides in part as follows:
"The appellant shall attach to said transcript an assignment of errors. An assignment of errors that the decision of the review board is contrary to law, shall be sufficient to present both the sufficiency of the facts found to sustain the decision, and the sufficiency of the evidence to sustain the findings of facts." (Emphasis supplied)
We have held heretofore that the only proper assignment of error to invoke the jurisdiction of this court upon application for judicial review of an administrative board's determination is that the decision is "contrary to law." La Reau v. Teibel *396 (1956) 127 Ind. App. 92, 138 N.E.2d 153.[1] The statute in question, however, states only that such an assignment is sufficient to preserve error and to obtain a review upon the merits. It does not state that an assignment of errors in the language of the statute is the only assignment which will invoke the review jurisdiction of the Court of Appeals.
To illustrate the school of thought which reasons that the absence of the "contrary to law" assignment is fatal to appellate review, we quote from La Reau, supra:
"It does not appear logical nor conducive to proper and understandable appellate procedure that an appellant should be authorized to assign asserted errors in promiscuous and unrestricted fashion. Such authorization could result only in unwieldiness, indefiniteness and uncertainty, and cast upon the court the irksome duty in many cases of endeavoring to unravel diverse, contradictory and oft-times ill-phrased attempted assignments of error. Further, grievous delay in deciding appealed causes would probably become the rule rather than the exception; and the oft-stated legislative intent to provide for the expeditious consideration of compensation cases would be frustrated. It seems more consonant with the indicated holdings of our courts, the acknowledged legislative intent, and efficient appellate procedure to hold that in appeals from the Industrial Board under the provisions of the Workmen's Compensation Act the statutory assignment that the award is contrary to law is the proper and only efficacious assignment of error, and is sufficient to warrant the appropriate presentation in appellant's brief of all asserted propositions of error."
127 Ind. App. 92, 99, 138 N.E.2d 153, 156.
We retreat from this well-intentioned attempt at appellate efficiency. An assignment of error more specific than that deemed by statute to be merely sufficient, should not divest us of jurisdiction for the mere reason that the magic words "the decision * * * is contrary to law" are omitted from the assignment. Under no circumstances should specific assertions of error which call the immediate attention of this court to particular alleged errors be cause for rejection of an appeal. If anything, specific error assignment should be preferred and encouraged.
With respect to the specifications with which we are herein concerned, we note that implicit in the 8 assignments of error filed by claimant Alfred McKinley is the remonstrance that the decision of the Employment Security Review Board is contrary to law. To state that the decision is contrary to law is to say no more than that the decision is wrong. It is patent from the filing of an appeal, by sending a notice of intention to appeal to the Review Board and filing a specific assignment of error and brief with this court, that the claimant believes the decision of the Review Board to be wrong. The rote averment that the decision of the Review Board is contrary to law serves no purpose, whether of notice, elucidation, analysis, or other. Manifestly, this court will not demand that which is devoid of purpose and a gesture of no meaning.
We agree that since all possible errors arguable before this court are necessarily embraced within an assignment that the award or decision is contrary to law, no other specifications are necessary or contemplated for the purpose of vesting review jurisdiction here. Lewis v. Marhoefer Packing Co. (1969), 144 Ind. App. 220, 245 N.E.2d 685. We cannot, however, as did the court in La Reau, supra, restrict terminology in specifications or assignments of error solely to the use of "contrary to law" and deem such assignment to be the only appropriate ascription reviewable *397 by this court. We accordingly overrule Apache Coach Co. v. Ind. Emp. Sec. Bd., et al. (1966), 139 Ind. App. 499, 221 N.E.2d 369; Davidson v. Review Bd. of Ind. Emp. Sec. Div. (1963), 134 Ind. App. 313, 187 N.E.2d 586; Wabash Smelting, Inc. v. Murphy (1962) 134 Ind. App. 198, 186 N.E.2d 586; Webster v. Ind. Dept. of Public Instruction (1962), 132 Ind. App. 595, 178 N.E.2d 909; La Reau v. Teibel, supra; Fashion Thimble Shoe Company v. Withrow (1942), 110 Ind. App. 668, 40 N.E.2d 359, and all other cases similarly holding insofar as they are inconsistent herewith.
The motion to dismiss this appeal is overruled and appellees are instructed to file their answer brief within thirty days.
WHITE, P.J., and BUCHANAN, J., concur.
NOTES
[1] Although La Reau involved the statute governing review of the Industrial Board, IC 1971, 22-3-4-7, Ind. Ann. Stat. § 40-1511 (Burns 1965), it is nearly identical to the statute interpreted herein.