**Robert N. BRINSON, Plaintiff-Appellant,**

v.

**SHERIFF'S MERIT BOARD OF JEFFERSON COUNTY, Indiana, Defendant-Appellee.**

No. 1–579A125.

Court of Appeals of Indiana, First District.

Sept. 27, 1979.

---

Gary K. Kemper, Cooper, Cox, Jacobs &
Kemper, Madison, for plaintiff-appellant.

Ted R. Todd, Todd, Hocker, Walro & Collins, Madison, for defendant-appellee.

LOWDERMILK, Presiding Judge.

## STATEMENT OF THE CASE

Plaintiff-appellant, Robert N. Brinson, appeals the judgment of the Jefferson Circuit Court affirming the Sheriff's Merit Board's decision that, by failing to comply with Section K, Paragraph 4, of the rules and regulations of the Jefferson County Police Merit Board, he effectively resigned from the department.

## FACTS

Robert N. Brinson, a deputy sheriff, was initially employed by the Jefferson County Police Department in 1971. Brinson took a leave of absence in the spring of 1974, during the course of an unsuccessful attempt to secure the Democratic nomination for Sheriff of that county. He returned to duty on or near May 14, 1974.

Section K, Paragraph 4, of the merit rules and regulations provides:

"Within 30 days after reporting back for duly (sic duty), such candidate shall furnish to the Sheriff evidence of mental and physical and other requirements, as required for new members of the department, at his own expense and the Sheriff may not waive any such requirements except those that existed while such candidate was a member of the department before such leave of absence. Failure to furnish such evidence within 30 days after reporting back for duty shall constitute the resignation of such candidate automatically at 12:01 a. m. on the first day following such 30 day period."

In accordance and with the intention of complying with this rule, Brinson submitted to a physical examination and thereby obtained a Physical Examination Report which indicated he was "employable". This report never officially came into the Sheriff's possession.

On June 15, 1974, Brinson was handed a document by Captain Russell Davis which contained the following:

"June 15, 1974

To: Robert N. Brinson,

Due to your failure to comply with the Jefferson County Police Merit Board rules and regulations, Section K, Paragraph 4, which states:

Within 30 days after reporting back for duty, such candidate shall furnish to the Sheriff evidence of mental and physical competence and other requirements, as required for new members of the department, at his own expense and the Sheriff may not waive any such requirements except those that existed while such candidate was a member of the department before such leave of absence. Failure to furnish such evidence within 30 days after reporting back for duty shall constitute the resignation of such candidate automatically at 12:01 a. m. on the first day following such 30 days [sic] period.

Your employment with the Jefferson County Police Dept. is terminated.

/s/ Harold D. Raisor
SHERIFF

/s/ Robert Gaffney
MERIT BOARD PRESIDENT

/s/ Richard Cox
MERIT BOARD MEMBER

/s/ Warren Taflinger
MERIT BOARD MEMBER

/s/ Robert E. McCauley
MERIT BOARD MEMBER"

(Our insertion)

Brinson moved to have the Merit Board set aside the notice of termination and requested a hearing. Both were denied. He then filed an action to mandate a hearing; five months later, hearing was held.

Upon the basis of evidence taken at the hearing, the Merit Board found that Brinson had failed to submit his report of physical and mental examination to the Sheriff, and had thereby resigned from the department. The trial court reviewed and affirmed the decision.

Brinson appealed to this court.

ISSUES

This appeal raised four issues:

1. Was the trial court correct in finding that the administrative decision was based upon substantial evidence?

2. Was Brinson terminated in violation of:

   a. Jefferson County Police Rules and Regulations—Section 3.c.,

   b. IC 1971, 17–3–14–6 and 17–3–14–7 (Burns Code Ed.), or

   c. IC 1971, 18–1–11–3 (Burns Code Ed.), insofar as they provide for a hearing prior to discharge?

3. Was Brinson terminated in violation of the same provisions insofar as they require written notice by certified mail, setting forth with specificity the charges against the officer and providing a summary of the evidence, etc.?

4. Is Section K, Paragraph 4, unconstitutionally vague?

## DISCUSSION AND DECISION

■ Judicial review of an administrative order or decision is limited to a consideration of whether the agency possessed jurisdiction over the matter decided, and whether the order was made in conformity with proper legal procedure, was based on substantial evidence, and does not violate any constitutional statutory, or legal principle. *State ex rel. Public Service Commission v. Boone Circuit Court*, (1957) 236 Ind. 202, 138 N.E.2d 4; *Warren v. Indiana Telephone Co.*, (1940) 217 Ind. 93, 26 N.E.2d 399; *City of Indianapolis v. Nickel*, (1975) 165 Ind. App. 250, 331 N.E.2d 760. The Jefferson Circuit Court found that there was substantial evidence to support the administrative decision, that Brinson received due notice and a fair public hearing, and that the rule is constitutional and did not deprive the plaintiff of due process in its wording or application in this case. We will consider the issues in turn.

*Issue One*

In *Department of Financial Institutions v. Colonial Bank & Trust Company*, (1978) Ind.App., 375 N.E.2d 285, 289, *cert. denied*, 439 U.S. 1116, 99 S.Ct. 1022, 59 L.Ed.2d 75 (1979), we stated:

"An administrative decision can only be overturned if it is not supported by substantial evidence or if uncontradicted facts show the decision to be arbitrary and capricious. The reviewing court can not substitute its judgment for that of the administrative body. *Dept. of Financial Institutions v. State Bank of Lizton* (1969), 253 Ind. 172, 252 N.E.2d 248; *City of Indianapolis v. Nickel* (1975), Ind.App., 331 N.E.2d 760; *Indiana Alcoholic Beverage Commission v. Johnson* (1973), 158 Ind.App. 467, 303 N.E.2d 64."

The Merit Board decided, on the basis of evidence taken at the hearing, that Brinson had failed to provide the Sheriff with a physical report and that this constituted resignation from the force. There was considerable disagreement and conflicting testimony regarding the issue of whether the report was offered by Brinson, requested by the Sheriff, or neglected by both. However, the trial court, upon examination of the record of proceedings, found as follows:

"* * *

5. At such hearing evidence was heard from which the defendant could find as follows:

a. The plaintiff, Robert N. Brinson, was employed in the Jefferson County Police Department prior to the spring of 1974.

b. In the spring of 1974 the plaintiff, Robert N. Brinson, took a leave of absence to run as candidate for Sheriff of Jefferson County, Indiana, in the Primary Election of that spring, and had returned to duty in the middle of May of that year after having been unsuccessful in said candidacy.

c. The plaintiff, Robert N. Brinson, failed to attempt to comply with the above-stated Section K, Paragraph 4 of Jefferson County Police Department Merit Board Rules and Regulations in that he failed to provide Harold D. Raisor, the then Sheriff of Jefferson County,

Indiana, with any evidence of his physical or mental competence.

d. The plaintiff, Robert N. Brinson, was fully familiar with said rule which was specifically designed to apply to the reinstatement of a person who takes a leave of absence to run for political office."

Upon reviewing the trial record (and noting the admissions contained in the Brief of Appellant) we find sufficient evidence to support the trial court's judgment.

*Issue Two*

Brinson contends that he was denied the due process explicitly provided for in IC 18–1–11–3, IC 17–3–14–7, and the department's rules and regulations.

Brinson's reliance upon IC 18–1–11–3 is misplaced; the statute applies to cities, not counties. *Yunker v. Porter County Sheriff's Merit Board*, (1978) Ind.App., 382 N.E.2d 977; *Pope v. Marion County Sheriff's Merit Board*, (1973) 157 Ind.App. 636, 301 N.E.2d 386.

IC 17–3–14–7 provides: [1]

"The sheriff may discharge, demote, or temporarily suspend any county policeman, for cause, after preferring charges in writing and after a fair public hearing before the board, reviewable in the circuit court, a notice of which charges and hearing shall be delivered by certified mail to the county policeman to be discharged, demoted or temporarily suspended. Such county policeman may be represented by counsel. The sheriff may temporarily suspend without a hearing before the board, any county policeman, after preferring charges of misconduct in writing delivered to such county policeman, for a period not to exceed fifteen [15] days.

No county policeman shall be discharged, demoted, or temporarily sus-

pended because of political affiliation, nor shall any county policeman be discharged, demoted, or temporarily suspended after his probationary period, except as provided in this act [17–3–14–1—17–3–14–19].

For the purpose of hearings provided in this act, the board shall have subpoena powers enforcible [sic] by the circuit court. Probationers may be discharged by the sheriff without right to hearing. . . . "

IC 17–3–14–6, which authorizes the Sheriff to establish a classification of ranks and reasonable standards therefor, also provides:

" . . . The sheriff, with the approval of the board, shall devise and administer examinations designed to test applicants as to the qualifications required for the respective ranks, grades, or positions, and only those applicants who in the opinion of the sheriff and the board best meet the prescribed standards and prerequisites shall be appointed. All county policemen appointed to the department under this act [17–3–14–1—17–3–14–19] shall be probationers and on probation for a period of one [1] year from the date of appointment. . . . "

Section 3.c. of the Jefferson County Police Department Rules and Regulations provides, in similar terms:

"Members of the department, after their probationary period, may be demoted, temporarily suspended for more than 15 days, or discharged by the Sheriff for cause after preferring charges in writing (Form N), after delivery of a copy of such charges and notice of hearing (Form O) to the member involved by certified mail, along with a copy of a summary of evidence supporting such charges, and after

---

1. We are, of course, quoting the statutes in effect at the time of Brinson's dismissal. The most recent amendment to IC 17–3–14–7, had it been in effect at that time, might have avoided the problem altogether. IC 1971, 17–3–14–7(b) (Burns Code Ed., Supp.1979) provides:

" * * *

(b) No county policeman shall be discharged, demoted, or temporarily suspended

because of political affiliation, nor shall any county policeman be discharged, demoted, or temporarily suspended after his probationary period, except as provided in this section. In addition, a county policeman is entitled to be a candidate for elective office, and, when he is neither in uniform nor on duty, he may solicit votes and campaign funds for himself."

a fair public hearing before the Board reviewable by the circuit court of the county. The member involved may be represented by Counsel at such hearing."

The issue at hand is whether a Section K, Paragraph 4, "automatic resignation" is tantamount to a discharge.

■ It is clear from the statutory language that the probationary period of a county officer extends for one year. During that time the Sheriff may assess the officer's performance and general qualifications. If dissatisfied, the Sheriff may discharge the probationer without cause and without a hearing. This disparate treatment of probationers and "entitled" appointees has withstood constitutional attack. *Gansert v. Meeks*, (1979) Ind.App., 384 N.E.2d 1140. However, it is equally clear that once an officer is appointed, and he has served the department in excess of one year, he may be discharged only after a hearing before the Merit Board. A "member" officer returning to duty after a leave of absence is not within the definition of a probationer; he is entitled to due process prior to discharge.

IC 17–3–14–7 evidences a concern that discharges not be motivated by political animus. In an apparent effort to close off the possibility of such "back-door" dismissals, the statute requires that no discharge will be valid unless the appropriate due process is given. The Merit Board makes an administrative determination; review is available in the circuit court.

Section K, Paragraph 4, makes no reference to the due process requirements set forth in IC 17–3–14–7, or Section 3.c., and, in fact, Brinson was terminated as of the day of the receipt of the notice. A hearing was not held until almost a year later.

■ We find that "automatic resignation" is tantamount to a discharge. Therefore, we find that the "automatic resignation" and dismissal was violative of IC 17–3–14–7 and Section 3.c. insofar as they provide that there shall be no discharge without a prior hearing.

This is, of course, all in keeping with constitutional case law, which requires that due process be afforded at a "meaningful time." In *Fuentes v. Shevin*, (1972) 407 U.S. 67, 82, 92 S.Ct. 1983, 1995, 32 L.Ed.2d 556 Justice Stewart stated:

" . . . Although the Court has held that due process tolerates variances in the *form* of a hearing 'appropriate to the nature of the case,' . . . and 'depending upon the importance of the interests involved and the nature of the subsequent proceedings [if any], ' . . . the Court has traditionally insisted that, whatever its form, opportunity for that hearing must be provided before the deprivation at issue takes effect. . . . " (Citations omitted)

See *Town of Speedway v. Harris*, (1976) Ind.App., 346 N.E.2d 646 and cases cited therein.

The trial court found that Section K, Paragraph 4, did not deprive plaintiff of due process in its wording or its application in this case. We disagree. The rule was applied in a manner which violated the departmental regulations and statutory law which set forth the procedural requirements for discharges. Brinson should have been awarded back pay for the period during which he was discharged without a hearing—from June 15, 1974 through March 25, 1975.

*Issue Three*

The original notice of termination informed Brinson of the rule with which he had failed to comply. In his Motion to Set Aside and Vacate Notice of Termination and to Reinstate Robert N. Brinson, Brinson asserted that the notice of termination was insufficient and invalid insofar as it failed to specify the manner in which he violated (or failed to comply with) the rule. He submitted a Request For Hearing on the issue. He filed, in the circuit court, an action to mandate a hearing. On March 13, 1975, the Merit Board held a hearing on the matter of Brinson's termination. At the hearing, Brinson's counsel stipulated that the *only issue* was whether Brinson had submitted his physical examination report

"pursuant to the spirit and intent of the rule." He did not assert any lack of notice or inability to prepare an adequate defense. In fact, Brinson obtained counsel, testified in his own behalf, presented evidence, confronted and cross-examined adverse witnesses, and received the decision of a neutral third party.

"It is settled law that in a trial by the court, '. . . where there is an appearance, without objection, or, indeed, where there is any act indicating consent, want of notice will be deemed waived.' *Cleveland v. Obenchain*, (1886) 107 Ind. 591, 594, 8 N.E. 624, 625." *Wabash Smelting, Inc. v. Murphy*, (1962) 134 Ind.App. 198, 206, 186 N.E.2d 586, 590 *overruled on other grounds, McKinley v. Review Board of Indiana Employment Security Division*, (1972) 152 Ind.App. 269, 283 N.E.2d 395. The same holds true for administrative hearings. In *Yunker v. Porter County Sheriff's Merit Board, supra*, a county police officer sought judicial review of an administrative decision recommending his dismissal for various acts of official misconduct. He contended that he was denied his right to a fair hearing because he was not properly notified—in regard to timeliness and specificity—of the charges to be considered at the hearing, and he was therefore unable to adequately defend. We held, 382 N.E.2d at 981:

> "The fundamental purpose of pleadings in the administrative process is to inform each party of the other's position so that each can properly prepare. However, an issue which is actually litigated cannot subsequently be challenged where the party has actual notice and an opportunity to defend. The failure to object to the introduction of issues at the hearing that were not covered by the complaint has the same effect as amending the complaint. Davis, Admin. Law § 8.02, at 196 (3d Ed. 1972)."

Conversely, an issue placed before the Merit Board by motion, then stipulated away by counsel, cannot be reasserted upon judicial review of the administrative action.

We affirm the trial court's decision that Brinson waived any procedural defects and that he received a fair public hearing.

*Issue Four*

Brinson asserts that Section K, Paragraph 4, is unconstitutional on the basis of vagueness and overbreadth. Oddly, he cites *Indiana High School Athletic Association v. Raike*, (1975) 164 Ind.App. 169, 329 N.E.2d 66, an equal protection case, in support of this contention. His other citations are to eight United States Supreme Court decisions which support the general, well-established notion that due process of law attaches to administrative disciplinary hearings.

Indiana Rules of Procedure, Appellate Rule 8.3(A)(7) provides:

> ". . . The argument shall contain the contentions of the appellant with respect to the issues presented, the reasons in support of the contentions along with citations to the authorities, statutes, and parts of the record relied upon, and a clear showing of how the issues and contentions in support thereof relate to the particular facts of the case under review."

Brinson has failed to present a cogent argument. The issue is waived.

Judgment affirmed as to issues one, three, and four, reversed as to issue two, and cause remanded to the trial court with instructions to award back pay for the period during which Brinson was discharged without a hearing—from June 15, 1974 through March 25, 1975—that amount being adjusted by application of the common law principle of mitigation of damages.

Upon compliance with this order, the judgment, as corrected, will stand in all things affirmed and approved.

LYBROOK and ROBERTSON, JJ., concur.