**Jerry T. HERBERT,
Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

No. 1–785A185.

Court of Appeals of Indiana,
First District.

Oct. 23, 1985.

Roger P. Hoffman, Westport, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

## STATEMENT OF THE CASE

NEAL, Judge.

Defendant-appellant, Jerry T. Herbert (Herbert), was convicted of driving while intoxicated under IND.CODE 9–11–2–2, a Class A misdemeanor, by the Decatur County Court without the intervention of a jury. From a sentence of a suspended license, fine, jail term, and suspended sentence, he appeals.

We affirm.

## STATEMENT OF THE FACTS

The facts most favorable to support the conviction are as follows. At 1:15 a.m. on March 10, 1985, Indiana State Police Trooper, Mark Mitchell, while patrolling south on State Road 3 in Decatur County, observed Herbert driving his automobile northbound on the same highway. Perceiving that Herbert was probably exceeding the speed limit of 55 m.p.h. and drifting across the centerline, officer Mitchell pulled over to the side of the road, observed Herbert go past, and clocked his speed on a VASCAR at 67.3 m.p.h. After pursuit wherein he again confirmed the speed and the drifting across the centerline, Mitchell stopped Herbert. As Herbert exited the door on the driver's side he stumbled. Mitchell, who knew Herbert from a previous case, smelled a strong odor of alcohol on Herbert as he talked to him and noted that his eyes were watery, glassy and bloodshot. Thereupon, Mitchell advised Herbert of implied consent and of his intention to administer a breathalyzer test. He told Herbert he should take it, and an alcohol-sensor test was administered at the scene, but a field sobriety test for intoxication was not. Herbert was taken to the Decatur County Jail. At the jail a field sobriety test was administered consisting of tests such as walking, heel to toe, standing, leaning back, finger to nose, etc. The tests indicated instability. The breathalyzer test, taken at 1:48 a.m., registered .17 plus. Mitchell testified that Herbert, in his opinion, was under the influence and was unable to drive safely.

## ISSUES

Herbert raises four issues on appeal, restated by us as three issues as follows:

I. IND.CODE 9–11–4–2 provides for alternative fluid tests upon request by a defendant, and the arresting officer denied him his rights by refusing to transport him to a place for the tests.

II. Error in admitting into evidence State's Exhibit NO. 5, an alcohol influence report, and officer Mitchell's subsequent oral testimony after Herbert refused to sign a waiver of rights.

III. Officer Mitchell did not have probable cause to stop Herbert, take him into custody, or administer the breathalyzer test.

## DISCUSSION AND DECISION

### Issue I. *Alternative Tests.*

IND.CODE 9–11–4–2 provides as follows: "Probable cause; offer of test; alternative tests; requirement to submit

A law enforcement officer who has probable cause to believe that a person has committed an offense under this article shall offer the person the opportunity to submit to a chemical test. It is not necessary for the law enforcement officer to offer a chemical test to an unconscious person. A law enforcement officer may offer a person more than one (1) chemical test under this chapter. However, all tests must be administered within three (3) hours after the officer had probable cause to believe the person committed an offense under IC 9–11–2. A person must submit to each chemical test offered by a law enforcement officer in order to comply with the implied consent provisions of this chapter."

The officer testified that after he administered the breathalyzer test he advised Herbert orally and in writing that he had a right to have fluid samples taken for independent chemical testing of alcohol or drug presence, and that an opportunity would be afforded for such samples to be taken. The officer told him, however, that they would not transport him if someone would not come to the jail. Herbert did not make a request of the officer for the independent analysis. The officer testified that he offered Herbert the opportunity to make any phone calls he wished, but Herbert made no request for an independent analysis, and made no such request of anyone by phone,

but only called a friend to remove his vehicle from the highway.

Herbert testified at trial that he called his lawyer, Hoffman, and asked him to call the Decatur County Hospital and ask them to send someone to administer the test. He understood Hoffman complied with his request but no one came. Herbert objected to the admission of the result of the breathalyzer test because he was not given an independent test.

Herbert argues here that he is entitled to an alternative test, and the officer had a duty to transport him to a place where the test could be administered. He relies entirely upon IND.CODE 9–11–4–2. We disagree.

Nothing in this particular section or in IND.CODE 9–11–4 suggests the result that Herbert argues. The section is unambiguous and needs no construction. Where statutory language is clear and unambiguous, courts may not substitute language which they believe the legislature intended. *Romack v. State* (1983), Ind. App., 446 N.E.2d 1346. The fundamental rule of construction is to ascertain the intent of the legislature. Words will be given the plain and ordinary meaning unless a different meaning is manifested. *Park 100 Development Co. v. Indiana Department of State Revenue* (1981), Ind., 429 N.E.2d 220. There is no technical meaning here attached to "may" and as such it imports discretion and is not mandatory. *Sherrard v. Board of Commissioners of Fulton County* (1972), 151 Ind.App. 127, 278 N.E.2d 307; 26 *I.L.E. Statutes*, Sec. 135 (1960). Under this section an officer *may* offer more than one test. A defendant has no right to more than one test. There certainly is no requirement that the officer transport a defendant to a place of the defendant's choosing for a test. Herbert asks us to engraft upon the statute new and additional requirements. If the legislature desired such requirements it could easily have inserted them in the statute. They did not, and we shall not.

## Issue II. *Waiver.*

At the Decatur County Jail Herbert's Miranda rights were read to him from a form, but he refused to sign the written waiver of those rights. Nevertheless, Herbert expressed voluntariness to talk to the officer. Here he claims that State's Exhibit No. 5 containing information as a result of subsequent interrogation and all trial testimony relating thereto were erroneously admitted into evidence.

State's Exhibit No. 5 does not contain any confession or incriminating answers derived from the interrogation other than perhaps his name, address, sex, race, and other information observed by the officer. He points to no such incriminating answers in his brief. As such it was not a confession within Miranda. The officer testified to the same information. Additionally, Herbert has waived the issue by not citing any authority or making cogent argument. *Johnson v. State* (1985), Ind., 472 N.E.2d 892; *Brinson v. Sheriff's Merit Board of Jefferson County* (1979), 182 Ind. App. 246, 395 N.E.2d 267. Ind.Rules of Procedure, Appellate Rule 8.3(A)(7).

Even if incriminating statements were elicited under these facts, such would not be reversible error. *Lyons v. State* (1985), Ind.App., 475 N.E.2d 719.

## Issue III. *Probable Cause.*

Herbert finally claims that officer Mitchell did not have probable cause to stop him, even though the officer testified he observed him exceeding the speed limit and weaving back and forth, even crossing the centerline. However, we need not reach the merits of the issue. There is no objection in the record based on this contention to any of the incriminating evidence recited in the statement of facts, and Herbert must be deemed to have not preserved the issue for appeal. *Beaty v. Donaldson* (1964), 136 Ind.App. 269, 200 N.E.2d 233; 1 *I.L.E. Appeals,* Sec. 94 (1957). Herbert has further waived the issue by failing to present cogent argument or a citation of authorities. (See Issue II. *Johnson, supra.*)

For the above reasons, this cause is affirmed.

Judgment affirmed.

RATLIFF, P.J., and ROBERTSON, J., concur.