Maria ALVAREZ, Appellant,

v.

IBP, INC., Appellee.

No. 04–0865.

Supreme Court of Iowa.

April 29, 2005.

Randall P. Schueller of Hopkins and Huebner, P.C., Des Moines, for appellant.

Todd C. Beresford, Dakota Dunes, South Dakota, for appellee.

TERNUS, Justice.

Based on the briefs filed by the parties, this case appears to be identical to another appeal recently decided by this court, *Ma-*

rovec v. PMX Industries, 693 N.W.2d 779 (Iowa 2005). Just like the appellant in Marovec, the appellant in the present appeal, Maria Alvarez, claims she inadvertently failed to file an appeal brief within the time prescribed by agency rule in her intra-agency appeal of a deputy workers' compensation commissioner's decision on her claim for benefits. Alvarez alleges that as a consequence, another deputy workers' compensation commissioner, acting on behalf of the workers' compensation commissioner, dismissed her appeal, the same action taken by the commissioner in the Marovec case. The district court record shows Alvarez sought judicial review and the district court affirmed the agency's dismissal.

Alvarez then brought this appeal. We are unable to reach the merits of her appeal, however, because we have no agency record upon which to base our review, not even the deputy's ruling that Alvarez seeks to overturn.

I. Iowa Code section 86.26 (2003) places responsibility for providing the agency record to the district court on the party seeking judicial review:

[T]he workers' compensation commissioner shall transmit to the reviewing court the original or a certified copy of the entire record of the contested case which is the subject of the petition [for judicial review] within thirty days after receiving written notice *from the party filing the petition* that a petition for judicial review has been filed....

Iowa Code § 86.26 (emphasis added). No written notice was given in the present case, and the commissioner did not transmit the agency record to the district court. Notwithstanding the complete absence of a record, the parties briefed the issue of the propriety of the deputy's dismissal, and the trial court issued a ruling affirming that dismissal.

Upon the claimant's appeal to this court, the district court transmitted the district court record to the clerk of the supreme court. *See* Iowa R.App. P. 6.11 (providing that clerk of district court shall transmit district court record to the supreme court). When the deputy clerk of the supreme court received the district court record, she determined that the district court record did not include the original or a certified copy of the agency record as required by Iowa Code section 86.26. In fact, *nothing* from the agency record was included in the district court file provided to the supreme court clerk's office.

Based on the absence of any agency documents in the district court file, this court issued an order that stated in relevant part:

Within fourteen days from the date of the filing of this order, the parties shall file and serve status reports on the question of whether the agency record was made a part of the district court record. If the present district court record omits any necessary material that the district court actually had before it when entering its ruling, the parties shall use the procedure provided by Iowa Rule of Appellate Procedure 6.10(4) to correct such omission.

In response to this order, the parties filed a joint status report stating that the agency record had not been provided to the district court, and the district court did not have the record in its possession when the court issued its ruling on judicial review. The parties suggested, however, that "the district court was not missing any material portion of the record as the facts were stipulated to by both parties and the only issue in this case is whether a dismissal by the agency was proper after the claimant's brief was filed after the deadline." (Our review of the district court file reveals no stipulation of facts as such by the parties.

Therefore, we assume the reference in the parties' joint status report to stipulated facts rests on the absence of any noted factual dispute in the parties' district court briefs.) The parties further stated that the agency record is not material to a decision in this case and that this court should proceed to decide the appeal without the record. In the alternative, the parties ask that the case be remanded to the district court so it can issue a ruling with the benefit of the record.

Just prior to filing their joint status report, the parties asked the workers' compensation commissioner to forward the agency record to the district court, which the commissioner did. The clerk of the district court has now transmitted the agency record to the clerk of the supreme court. In addition, the parties have included numerous pleadings and orders from the agency proceedings in their appendix on appeal.

■ II. Due to the procedural irregularities in this case, the dispositive issue has become the impact of the claimant's failure to have the agency record made a part of the district court record on judicial review. This issue is dispositive because the appellate courts cannot consider materials that were not before the district court when that court entered its judgment. *See* Iowa R.App. P. 6.10(1) ("The original papers and exhibits filed in the district court, the transcript of proceedings, if any, and a certified copy of the docket and court calendar entries prepared by the clerk of the district court shall constitute the record on appeal in all cases."); *see also Bd. of Directors v. Banke*, 498 N.W.2d 697, 700 n. 2 (Iowa 1993) ("Iowa Rule of Appellate Procedure 10(a) [now rule 6.10(1)] also restricts judicial review to the record considered by the trial court."). The parties' inclusion of portions of the agency record in the appendix does not avoid the restric-

tions of rule 6.10(1). Furthermore, the parties' action in belatedly setting in motion the process to have the agency record provided to the clerk of the supreme court cannot be considered a supplementation or correction of the record under our appellate rules. *See* Iowa R.App. P. 6.10(4) (providing procedure for supplementation or correction of record). Documents that were never before the district court cannot be added to the record on appeal. *See* Iowa R.App. P. 6.10(1) (restricting record on appeal to record in district court); *Williams v. City of Northport*, 557 So.2d 1272, 1273 (Ala.Civ.App.1989) (holding rule allowing correction of record could not properly be used to include documents in record on appeal that were never part of the record below).

■ Having concluded the agency record is not properly before us, we are left with nothing to review. Although the district court's ruling is part of the record, it is impossible to determine whether that court correctly decided the deputy's ruling was proper when there is absolutely no record of what occurred at the agency level. Although the parties recite facts in their appellate briefs, factual assertions must be supported by references to the record. *See* Iowa R.App. P. 6.14(1)(*d*) ("All portions of the statement [of the case in the briefs] shall be supported by appropriate references to the record or the appendix...."). This court will not consider facts for which there is no record support. *See Estate of Leonard v. Swift*, 656 N.W.2d 132, 147 n. 4 (Iowa 2003); 5 Am. Jur.2d *Appellate Review* § 486, at 209 (1995) ("An appellate court, generally, cannot consider facts which are not part of the record on appeal.").

■ Finally, we do not think the parties' "stipulation" to the facts saves this appeal, nor does the employer's failure to object to the absence of a record. In *Stone Con-*

*tainer Corp. v. Castle*, 657 N.W.2d 485 (Iowa 2003), this court decided an appeal from a judicial review decision in a workers' compensation case even though the agency record was not complete due to the deputy's inadvertent failure to tape-record the full hearing. 657 N.W.2d at 487. Because the employer had not raised the absence of a record to support the facts upon which the claimant relied until the matter was briefed on appeal and had never disputed the accuracy of those facts, we found the employer's challenge was too late, and we proceeded to determine the issues raised by the claimant. *Id.*

In contrast, the missing record here is not a minor or even partial omission. In the present case, the omission is not only substantial, it is total. While transmission of less than the full agency record would not necessarily mandate dismissal of an appeal, there must at least be substantial compliance with the law requiring such transmittal and a showing of no prejudice. *Cf.* 2 Am.Jur.2d *Administrative Law* § 546, at 466 (2004) (stating failure to timely transmit record would not necessarily require dismissal of petition for judicial review if there was substantial compliance and no prejudice). Neither circumstance exists here. First, there was a total failure to comply with the statutes and rules governing the record in judicial review proceedings and appeals. Second, notwithstanding the employer's failure to object, where there has been a complete failure to provide the agency record to the reviewing courts, the system of judicial review itself is prejudiced. Reviewing courts cannot issue credible and reliable opinions when there is no agency action presented in the record for review. *See Hayes v. Indus. Comm'n*, 383 Ill. 272, 48 N.E.2d 940, 942 (1943); *Webster v. Ind. Dep't of Pub. Instruction*, 132 Ind.App. 595, 178 N.E.2d 909, 910 (1962), *overruled on other grounds by McKinley v. Review*

*Bd.*, 152 Ind.App. 269, 283 N.E.2d 395, 396–97 (1972).

That brings us to the final issue: what is the consequence of the claimant's failure to provide this court with a record that would permit an informed consideration of the issue presented: affirmance, dismissal, or remand? Coincidentally, we have addressed this precise question under very similar circumstances in *In re F.W.S.*, 698 N.W.2d 134 (Iowa 2005), also decided today. In that case the appellant challenged his involuntary commitment by a magistrate. *In re F.W.S.*, 698 N.W.2d at 134. The magistrate's commitment order had been affirmed, as modified, by the district court. *Id.* Neither court had made a record of the proceedings. *Id.* On appeal the appellant failed to follow the required procedure for preparing and submitting a record when no trial transcript or record is available. *Id.* (citing Iowa R.App. P. 6.10(3)). Due to the substantial deficit in the record, we affirmed the decision of the district court. *Id.* at 135; *accord Hayes*, 48 N.E.2d at 942 ("Where the abstract does not show any judgment entered by the trial court, the failure of a party bringing a case to [the supreme] court to furnish a proper record ... is ground for affirmance."); 5 Am.Jur.2d *Appellate Review* § 488, at 210 ("If the appellant fails to [present a record to the appellate court,] the trial court will be affirmed, at least where its judgment is not fundamentally erroneous on its face. A case will not normally be remanded in order to correct a deficiency in the record which the appellant should have remedied.").

The same result is warranted here. Therefore, we affirm the district court's ruling on judicial review.

**AFFIRMED.**