16-100-cv
Middleton v. Green Cycle Housing, LLC, Tal Etshtein

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 26th day of April, two thousand seventeen.

Present:        ROSEMARY S. POOLER,
                RICHARD C. WESLEY,
                SUSAN L. CARNEY,
                        *Circuit Judges*.

_____

MARY MIDDLETON,

                *Plaintiff-Appellee*,

                v.                                          16-100-cv

GREEN CYCLE HOUSING, LLC, TAL ETSHTIEN,

                *Defendants-Appellants*.[1]

_____

Appearing for Appellant:      Andrew P. Saulitis, New York, NY.

Appearing for Appellee:       James W. Perkins, Greenberg Traurig, LLP (Lauren C. Harrison, *on the brief*), New York, NY.

Appeal from the United States District Court for the Southern District of New York (Cote, *J.*).

---

[1] The Clerk of the Court is directed to amend the caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Green Cycle Housing, LLC, and Tal Etshtien appeal from the December 9, 2015 order of the United States District Court for the Southern District of New York (Cote, *J*.) denying their motion pursuant to Fed. R. Civ. P. 60(b)(4) to vacate a default judgment entered against them in the Southern District of Iowa in favor of Mary Middleton and registered in the Southern District of New York on January 29, 2015. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review de novo the denial of a Rule 60(b)(4) motion to vacate a default judgment as void. *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005). That is because if the underlying judgment is void for lack of jurisdiction, "it is a *per se* abuse of discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(b)(4)." *Id*. (internal quotation marks omitted). However, to the extent the district court's denial of a Rule 60(b)(4) motion turns on findings of fact, we review such factual findings for clear error. *See Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir. 2002). A judgment is void under Rule 60(b)(4) "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Grace v. Bank Leumi Tr. Co*., 443 F.3d 180, 193 (2d Cir. 2006) (internal quotation marks and citation omitted).

"Normally, a plaintiff has the burden of proving personal jurisdiction in a case where a defendant appears and contests such jurisdiction." *"R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 126 (2d Cir. 2008). Where a defendant has actual notice of a lawsuit before a default judgment is entered, but does not challenge jurisdiction until after a default is entered, the burden to prove lack of jurisdiction shifts to defendant. *Id.* Here, although Green Cycle and Etshtien conceded that service of the Iowa action was properly made, that concession was accompanied by their denial of actual notice of the lawsuit. App'x at 65 ("The Court: Okay. I understand that the defendant is conceding that service was made properly but is taking the position that he did not have actual notice until more recently."). We need not resolve the issue of whether a defendant who concedes service, but not actual notice, bears the burden of disproving jurisdiction. Even assuming arguendo the burden of demonstrating jurisdiction rests with plaintiff, we find it satisfied here.

Iowa's long-arm statute extends the exercise of Iowa's jurisdictional reach to the "widest due process parameters allowed by the United States Constitution." *Hammond v. Fla. Asset Fin. Corp*., 695 N.W.2d 1, 5 (Iowa 2005). Where, as here, a court seeks to exercise specific jurisdiction over a defendant, "the critical focus is on the relationship among the defendant, the forum and the litigation." *Meyers v. Kallestead*, 476 N.W.2d 65, 67 (Iowa 1991) ("This relationship is defined by the defendant's contacts with the forum state, not with its residents."). "A contract between an individual and an out-of-state party alone does not establish sufficient minimum contacts to permit the individual's state to exercise specific personal jurisdiction." *Ostrem v. Prideco Secure Loan Fund, LP*, 841 N.W.2d 882, 892 (Iowa 2014). While other criteria are considered, under the "modern framework," Iowa courts principally "evaluate[] two criteria." *Id.* Those two criteria are whether "the defendant has purposefully directed his activities at residents of the forum and whether the litigation results from alleged injuries that

2

arise out of or relate to those activities." *Id.* at 893 (internal quotation marks and citation omitted). Once minimum contacts are established, "the court must determine whether the assertion of personal jurisdiction would comport with fair play and substantial justice." *Id.* (internal quotation marks and citation omitted). After a careful review of the record, we find no reason to believe the district court's findings of fact are clearly erroneous. Further, as Iowa allows the exercise of personal jurisdiction to the full breadth allowable under the Constitution's due process clause, the district court correctly concluded that the exercise of personal jurisdiction by the Iowa court was proper.

We have considered the remainder of Green Cycle and Etshtien's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3