# IN THE COURT OF APPEALS OF IOWA

No. 17-1943
Filed March 7, 2018

**IN THE INTEREST OF L.S.,**
**Minor Child,**

**S.S.-W., Mother,**
       Appellant.

_____

Appeal from the Iowa District Court for Polk County, Susan Cox, District Associate Judge.

A mother appeals from the termination of her parental rights to her child. **AFFIRMED.**

Zachary C. Priebe of Jeff Carter Law Offices, P.C., Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

Brent M. Pattison of Drake Legal Clinic, Des Moines, guardian ad litem for minor child.

Considered by Danilson, C.J., and Vaitheswaran and Bower, JJ.

**DANILSON, Chief Judge.**

A mother appeals from the termination of her parental rights to her child, L.S.,[1] pursuant to Iowa Code section 232.116(1)(h) (2017). The mother asserts the State failed to prove the child could not be returned to her care at the time of the termination trial, failed to make reasonable efforts to reunify mother and child, should have allowed her additional time to achieve reunification, and the close bond between mother and child should weigh against termination. On our de novo review, *see In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010), we find no merit in any of the mother's claims, and we therefore affirm.

L.S. was born in November 2016 to the mother, who was then sixteen years old; had a history of delinquency; had struggled to have any control over her own temper; had a long history of mental-health struggles, violent outbursts, and assaults on people and property; and was in the custody of Juvenile Court Services. A removal order was entered shortly after birth, however, the mother and infant's location was unknown. The mother and child were located on December 4—the infant was placed in foster care and the mother was placed in detention. The child was moved to a long-term, foster-family placement, where she is doing well and has become integrated in the family.

Unfortunately, the mother has not fared well over the course of these proceedings. Her mental health and behavior have continued to be troublesome issues. She has been offered numerous services, has been in and out of treatment and detention, and has struggled to find a program in which she can function and learn to control her anger. When the mother has been in a

---

[1] The father has not appealed the termination of his parental rights.

controlled setting, she has exercised supervised visits with L.S., which generally go well. However, when the mother is "in the community," she does not exercise visits regularly and has not made the child a priority. At the time of the hearing on the petition to terminate parental rights in September 2017, the mother was again in detention,[2] was expecting her second child, and was hoping to find a structured custodial setting suitable for her mental-health needs.

The State has proved by clear and convincing evidence that the child is three years of age or younger, has been adjudicated a child in need of assistance, has been out of the mother's custody for more than the statutory six consecutive months, and could not be returned to the mother's care at the time of the termination hearing.[3] Consequently, grounds for termination of her parental rights have been proved under Iowa Code section 232.116(1)(h).

The mother has not identified any specific shortcomings in providing services to her. We agree with the juvenile court the mother has been provided not only reasonable services but "extraordinary" services, though she has been unable to benefit sufficiently from the services to provide her child with safe and stable care. The mother is herself in need of extensive and extended assistance to deal with her own past traumatic experiences and to achieve some semblance

---

[2] The mother testified she had seven delinquency cases of "assaults mostly."

[3] The mother's brief provided the court with information outside of the record. In reaching our conclusion, we did not consider facts that were not a part of the record. *See* Iowa R. App. P. 6.801 (stating record on appeal consists of the "original documents and exhibits filed in the district court . . . , the transcript of proceedings, if any, and a certified copy of the related docket and court calendar entries prepared by the clerk of the district court"); *Ranes v. Adams Labs., Inc.*, 778 N.W.2d 677, 697 n.4 (Iowa 2010) (excluding from discussion evidentiary facts proposed by plaintiff outside the record); *Alvarez v. IBP, Inc.*, 696 N.W.2d 1, 3 (Iowa 2005) ("[T]he appellate courts cannot consider materials that were not before the district court when that court entered its judgment.").

of self-sufficiency and stability. We do not find this to be an appropriate case to allow additional time to seek reunification. *See* Iowa Code § 232.104(2)(b) (allowing the juvenile court to grant an additional six months but, to do so, the court must make a determination the need for removal will no longer exist at the end of the extension). We do not question the mother's love for the child, but the mother must tend to her own needs before she can become a responsible parent. A child should not be required to continuously wait for the parent to become mature, stable, and reliable. *See D.W.*, 791 N.W.2d at 707.

As noted, the child is integrated and doing well in her current placement with a family who has expressed the desire to make her a permanent part of the family. We conclude termination of the mother's parental rights is in the child's best interests. *See* Iowa Code § 232.116(2) (setting forth the factors in determining the child's best interests). And while there is a bond between mother and child, this is not a situation in which "termination would be detrimental to the child at the time due to the closeness of the parent-child relationship."[4] *See id.* § 232.116(3)(c). We affirm the termination of the mother's parental rights to L.S.

**AFFIRMED.**

---

[4] The statutory factors weighing against termination are permissive, not mandatory. *See In re D.S.*, 806 N.W.2d 458, 474-75 (Iowa Ct. App. 2011). The court has discretion, based on the unique circumstances of each case and the best interests of the child, to apply the factors in section 232.116(3) to save the parent-child relationship. *See In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014). Our consideration is not merely whether there is a parent-child bond, "our consideration must center on whether the child will be disadvantaged by termination, and whether the disadvantage overcomes" the parent's inability to provide for the child's developing needs. *See D.W.*, 791 N.W.2d at 709.