# IN THE COURT OF APPEALS OF IOWA

No. 19-0511
Filed April 1, 2020

**RACHEL LOVAN,**
　　Petitioner-Appellee.

**vs.**

**BROADLAWNS MEDICAL CENTER and SAFETY NATIONAL CASUALTY CORPORATION (EMC RISK SERVICES, LLC-TPA),**
　　Respondents-Appellants.
_____

　　Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg, Judge.


　　The appellants appeal the ruling of the district court reversing the alternate medical care decision of the Iowa Workers' Compensation Commissioner. **REVERSED.**


　　Valerie A. Landis of Hopkins & Huebner, P.C., Des Moines, for appellants.

　　Richard R. Schmidt of Mueller, Berg & Schmidt, PLLC, Des Moines, for appellee.


　　Heard by Bower, C.J., and Greer and Ahlers, JJ.

**AHLERS, Judge.**

Broadlawns Medical Center and Safety National Casualty Corporation (EMC Risk Services, LLC-TPA)[1] appeal the judicial-review ruling of the district court. Broadlawns argues the Iowa Workers' Compensation Commissioner properly denied Rachel Lovan's application for alternate medical care (AMC) and the court erred in reversing that decision. We find the record on appeal is insufficient for us to review the agency decision, and we reverse the district court's ruling.

## I.     Background Facts and Proceedings

Following a contested hearing, a deputy commissioner with the Iowa Workers' Compensation Commission issued an arbitration decision finding in favor of Lovan on her workers' compensation claim against Broadlawns. The deputy accepted the causation opinion of Dr. Eugene Cherny over that of Dr. Benjamin Paulson in finding Lovan's injury was related to her employment with Broadlawns. The deputy awarded permanent partial disability benefits and ordered Broadlawns to "provide reasonable and necessary medical treatment causally connected to the work injury." Neither party appealed the arbitration decision.

After the arbitration decision was issued, Lovan filed an application for AMC seeking "to authorize Dr. Cherny as treating physician." After a telephonic hearing, another deputy commissioner issued the AMC decision. The deputy noted Lovan "provided testimony" and "[n]o other witnesses were called" during the AMC hearing. The deputy found Broadlawns "offered treatment with Dr. Paulson" but

---

[1] We will collectively refer to the appellants as "Broadlawns."

Lovan "no longer trusts" Dr. Paulson due to his earlier causation opinion. The deputy concluded treatment with Dr. Paulson was reasonable and Lovan's "misgivings have nothing to do with [Dr. Paulson's] actual examination or his treatment recommendations." Accordingly, the deputy denied the application for AMC.

Lovan sought judicial review. The district court reversed the AMC decision, finding Dr. Paulson's earlier causation opinion "is so contrary to all previous medical testimony in the this matter that it rises to the level of the employer choosing improper medical care for the employee." Broadlawns appeals, arguing the agency correctly denied the application for AMC.

## II.     Standard of Review

"Judicial review of the decisions of the workers' compensation commissioner is governed by Iowa Code chapter 17A" (2018). *Neal v. Annett Holdings, Inc.*, 814 N.W.2d 512, 518 (Iowa 2012). "A district court acts in an appellate capacity when it exercises its judicial review power." *Id.* "When reviewing a district court's decision 'we apply the standards of chapter 17A to determine whether the conclusions we reach are the same as those of the district court. If they are the same, we affirm; otherwise, we reverse.'" *Id.* (quoting *Mycogen Seeds v. Sands*, 686 N.W.2d 457, 463 (Iowa 2004)).

## III.     Analysis

When an employer accepts responsibility for an employee's injury, the employee may seek alternate medical care by filing an application with the agency. *See* Iowa Code § 85.27(4); *R.R. Donnelly & Sons v. Barnett*, 670 N.W.2d 190, 195 (Iowa 2003). The employee has the burden to prove "the treatment provided by

the employer is not prompt, not 'reasonably suited to treat the injury,' or is unduly inconvenient to the employee." *Barnett*, 670 N.W.2d at 195 (quoting *W. Side Transp. V. Cordell*, 601 N.W.2d 691, 693 (Iowa 1999)). The AMC hearing before the agency is by telephone or in person, and the agency is responsible for recording the hearing. *See* Iowa Code § 85.27(4); Iowa Admin. Code r. 4.48(12). If either party seeks judicial review of the AMC decision, "the appealing party is responsible for filing a transcript of the hearing" with the agency. Iowa Admin. Code r. 4.48(12). After the petitioner notifies the agency of the petition for judicial review, the agency "shall transmit to the reviewing court the original or a certified copy of the entire record of the contested case." Iowa Code § 86.26(1).

Here, Lovan filed her application for AMC with the agency. The matter proceeded to a hearing, during which the deputy admitted the following exhibits: (1) a report from Dr. Cherny regarding Lovan's injury and its relation to her work, impairment, recommended care and treatment, and work restrictions; (2) the arbitration decision; (3) emails between the parties' attorneys regarding the authorization of medical care with Dr. Paulson; (4) a letter from Broadlawns to Dr. Paulson, issued after the arbitration decision was filed, authorizing treatment of Lovan; and (5) a medical ethics opinion regarding physicians who have responsibilities to both a patient and to a third party contracting with the physician. Our record on appeal includes these exhibits before the agency, but the record does not include a transcript or recording of the AMC hearing. At oral argument, attorneys for both parties confirmed no transcript or recording of the AMC hearing

was provided to the district court.[2]  Lovan's own words are essential for understanding why she is dissatisfied with Dr. Paulson's care and why she wishes to treat with Dr. Cherny instead.  The importance of Lovan's testimony at the AMC hearing is highlighted by the fact the deputy repeatedly cited to Lovan's testimony in the AMC ruling.  Exacerbating the problem of the absence of a transcript is the fact the parties had some disagreement about what arguments were made and what testimony was provided at the AMC hearing.  Without a transcript of the hearing, including Lovan's testimony and the arguments presented by the parties, we cannot review the agency's decision that Lovan failed to prove the offered care with Dr. Paulson was not prompt, was not reasonably suited, or was unduly inconvenient.  *See Barnett*, 670 N.W.2d at 195.

The party seeking judicial review bears the ultimate responsibility to ensure the agency record is before the district court on judicial review.  *Alvarez v. IBP,*

---

[2] During oral argument, the attorneys for both parties asserted that not providing a transcript on judicial review of an AMC decision was an accepted standard practice.  Our review of other cases involving AMC decisions causes us to be skeptical of the assertion that not providing a transcript on judicial review is a routine practice, as numerous cases clearly reveal that the testimony from the AMC hearing was available to the reviewing courts.  *See, e.g., Huff v. CRST Expedited, Inc.*, No. 18-0336, 2019 WL 106812, at *1 (Iowa Ct. App. Mar. 6, 2019) (quoting the claimant's testimony at the AMC hearing); *Westling v. Hormel Foods Corp.*, No. 16-0236, 2017 WL 108572, at *2 (Iowa Ct. App. Jan. 11, 2017) (referring to and quoting the claimant's testimony at the AMC hearing); *Newt Marine Serv. v. Abitz*, No. 15-1957, 2016 WL 4036185, at *2 (Iowa Ct. App. July 27, 2016) (referring to and quoting the claimant's testimony at the AMC hearing); *Annett Holdings, Inc. v. Roland*, No. 15-0043, 2016 WL 541265, at *4 (Iowa Ct. App. Feb. 10, 2016) (repeatedly referring to the claimant's testimony at the AMC hearing).  Furthermore, even if failure to provide a transcript is an accepted or standard practice among practitioners, the practice is in direct conflict with the rule requiring the party seeking judicial review to file a transcript of the hearing.  *See* Iowa Admin. Code r. 4.48(12).  We choose to follow the administrative rule rather than the claimed standard practice.

*Inc.*, 696 N.W.2d 1, 2 (Iowa 2005). The lack of a record of the AMC hearing prevents us from making "an informed consideration of the issue presented." *Id.* at 4; *see also McGowan v. Brandt Constr. Co.*, No. 07-1224, 2009 WL 485029, at *1 (Iowa Ct. App. Feb. 27, 2009) ("Without transfer of the administrative record, the district court has nothing to review."). At oral arguments, the parties urged us to look to the agency decisions themselves for the factual basis behind this appeal, but our role is to review the agency decision to ensure it is supported by the record before us. *See Smith v. Iowa Bd. of Med. Exam'rs*, 729 N.W.2dd 822, 827 (Iowa 2007) ("The district court's recitation of these matters in its ruling is not a substitute for the required appellate record.").

Due to the lack of a transcript of the AMC hearing, neither the district court nor we had an adequate record upon which to make an informed consideration of the issue presented. When presented with an inadequate agency record on judicial review, the proper action is to dismiss the petition. *See Alvarez*, 696 N.W.2d at 4. Therefore, we reverse the district court and dismiss Lovan's petition for judicial review, thus reinstating the decision by the agency denying Lovan's application for AMC.

**REVERSED.**