# IN THE COURT OF APPEALS OF IOWA

No. 20-0954
Filed July 21, 2021

**TERRY DOTTS,**
　　Plaintiff-Appellant,

**vs.**

**CITY OF DES MOINES, IOWA,**
　　Defendant-Appellee.
_____

　　Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell, Judge.

　　An injured worker appeals from the district court's order affirming the denial of the worker's application for alternate medical care. **AFFIRMED**.

　　Christopher D. Spaulding of Spaulding & Shaull, P.L.C., Des Moines, for appellant.

　　Luke DeSmet, Assistant City Attorney, Des Moines, for appellee.

　　Considered by Vaitheswaran, P.J., and Tabor and Ahlers, JJ.

**AHLERS, Judge.**

Terry Dotts was injured while on the job for the City of Des Moines. The city accepted responsibility for his injury and authorized medical care. Dissatisfied with the medical care provided, Dotts applied for alternate medical care (AMC) pursuant to Iowa Code section 85.27(4) (2019). Following a hearing, a Deputy Iowa Workers' Compensation Commissioner denied Dotts's application. Dotts sought judicial review of the agency's decision pursuant to Iowa Code section 17A.19. The district court affirmed the agency's denial. Dotts appeals, challenging the sufficiency of the evidence supporting the agency's decision.

Iowa Code Section 17A sets the standards for judicial review of workers' compensation cases. *Brewer-Strong v. HNI Corp.*, 913 N.W.2d 235, 242 (Iowa 2018). The district court acts in an appellate capacity when exercising judicial review. *Neal v. Annett Holdings, Inc.*, 814 N.W.2d 512, 518 (Iowa 2012). On appeal from the district court's judicial review decision, we apply the standards in chapter 17A and assess whether the conclusions we reach are the same as those reached by the district court. *Id.* If so, the district court will be affirmed. *Id.* We may reverse, modify, or grant other relief if the agency's action is based on fact determinations not supported by substantial evidence. *Bell Bros. Heating & Air Conditioning v. Gwinn*, 779 N.W.2d 193, 199 (Iowa 2010).

When, as here, an employer concedes the compensability of an employee's injury, the employer has the duty to provide medical care for the employee but also gets to choose the care. *See Ramirez-Trujillo v. Quality Egg, L.L.C.*, 878 N.W.2d 759, 771 (Iowa 2016). Given the employer's authority to choose the employee's medical care, it is not uncommon for disputes to arise. The Iowa Code provides a

procedure for resolving such disputes by giving the employee the option to submit an application to the commissioner seeking authorization for medical care different from that chosen by the employer. *See* Iowa Code § 85.27(4).

Upon filing an application for AMC, the employee has the burden to prove the present medical care authorized by the employer is unreasonable and therefore the employee is entitled to alternate care. *Long v. Roberts Dairy Co.*, 528 N.W.2d 122, 123 (Iowa 1995). The AMC hearing before the agency can be held in person or by telephone. Iowa Admin. Code r. 876–4.48(12) (2020); *Lovan v. Broadlawns Med. Ctr.*, No. 19-0511, 2020 WL 1548511, at *2 (Iowa Ct. App. Apr. 1, 2020). The agency is responsible for recording the hearing. Iowa Admin. Code r. 876–4.48(12). If a party seeks judicial review of the AMC decision, "the appealing party is responsible for filing a transcript of the [agency] hearing." *Id.* After the party seeking judicial review notifies the agency of the filing of a "petition for judicial review, the agency 'shall transmit to the reviewing court the original or a certified copy of the entire record of the contested case.'" *Lovan*, 2020 WL 1548511, at *1 (quoting Iowa Code § 86.26(1)).

The agency found that Dotts failed to meet his burden of proving the authorized care was unreasonable and that alternate care was necessary. In reaching this decision, the agency considered testimony from Dotts, communications between counsel, medical records from Dotts's physicians, and statements made by the employer's counsel during the hearing. On judicial review, the district court considered the record, but the record did not include a transcript of the agency hearing. Similarly, on appeal, we do not have a transcript of the

agency hearing to consider in deciding whether substantial evidence supports the AMC denial.

On appeal, the parties argue about the reasonableness of the care provided by the physician chosen by the employer. The reasonableness of the physician's treatment of Dotts, and thus the AMC decision, hinges on Dotts's alleged testimony that the physician has refused to see him again and concessions alleged to have been made by the employer during the agency hearing.[1] Dotts's testimony allegedly conflicts with the physician's medical report, which indicates the physician is willing to see Dotts again. No transcript of the hearing having been provided to us, we do not have the ability to review the testimony or concessions by counsel to determine whether the agency decision is supported by substantial evidence.

"The party seeking judicial review bears the ultimate responsibility to ensure the agency record is before the district court on judicial review." *Id.* at *2 (citing *Alvarez v. IBP, Inc.*, 696 N.W.2d 1, 2 (Iowa 2005)). Our review of the issue requires an "informed consideration" of the issues, and without the ability to review the testimony of witnesses and statements of counsel at the AMC hearing, we are unable to do so. *Id.* (quoting *Alvarez*, 696 N.W.2d at 4). Accordingly, without the hearing transcript, there is an insufficient record to allow us to accept Dotts's claim the agency decision was not supported by substantial evidence.[2] To conclude

---

[1] According to the agency decision, during the hearing, the employer offered to schedule a follow-up appointment for Dotts with the physician, thus providing Dotts with an opportunity to explore other treatment options. Lack of a second opinion and the need for other treatment options are part of Dotts's complaints on appeal.
[2] In *Alvarez*, no part of the agency record—not even the ruling sought to be overturned—was transmitted to the district court as part of the judicial review

otherwise on this record would require us to presume error, which is something we do not do. *See State v. Cook*, 330 N.W.2d 306, 313 (Iowa 1983) ("We do not presume error."); *State v. McFarland*, 287 N.W.2d 162, 164 (Iowa 1980) ("[T]here is a presumption of regularity in trial proceedings.").

**AFFIRMED.**

---

process. 696 N.W.2d at 2–3. As a result, the supreme court concluded it was "left with nothing to review." *Id.* at 3. We do not interpret *Alvarez* as holding that failure to transmit any, as opposed to all, of the agency record would always preclude our review. We can envision scenarios where review would be possible in spite of gaps in the transmission of the agency record. In this case, however, the nature of the issues raised necessitates consideration of the transcript of the AMC hearing in order for us to conduct an adequate review. The failure to transmit a transcript in this case precludes us from conducting that review.