**IN THE COURT OF APPEALS OF IOWA**

No. 22-0920
Filed May 10, 2023

**IN THE MATTER OF THE WORKMAN FAMILY TRUST**

**JASON WORKMAN,**
        Appellant,

**vs.**

**CBI BANK & TRUST,**
        Appellee.
_____

        Appeal from the Iowa District Court for Muscatine County, Stuart P. Werling,

Judge.

        The beneficiary of a trust appeals a ruling approving the sale of real estate.

**AFFIRMED.**

        Matthew G. Sease of Sease & Wadding, Des Moines, for appellant.

        Nathan R. Mather of Stanley, Lande & Hunter, P.C., Muscatine, for

appellee.

        Considered by Bower, C.J., and Badding and Buller, JJ.

**BOWER, Chief Judge.**

The beneficiary of a trust appeals a ruling approving the sale of real estate. We find the sale was reasonable and in the beneficiary's best interests. We affirm.

**I. Background Facts & Proceedings.**

The Workman Family Trust (the Trust) was created by LaVerne E. Workman on January 25, 1999, and was subsequently amended and restated with the latest iteration occurring in March 2009. Dennis Workman is one of LaVerne's children. Since 2019, Dennis's son, Jason, has been the sole beneficiary of the Trust.[1] CBI Bank & Trust (CBI) serves as trustee. The primary asset of the Trust is real property consisting of a duplex in Durant, Iowa.

On September 14, 2021, CBI filed an application requesting court permission to sell the duplex owned by the Trust.[2] CBI submitted with its application an appraisal valuing the property at $160,130 and a purchase agreement offering of $175,000. CBI did not list the duplex on the open market.

Jason, by his guardian ad litem, filed a resistance, stating he planned to move from Maine to Iowa in approximately eighteen months to attend graduate school and live in one side of the duplex. He submitted income and sales-comparison approach valuations for the property of $200,000 and $232,000, respectively.

---

[1] Jason is a minor and currently resides in Maine with Dennis.
[2] At the hearing, CBI's attorney noted they filed the appraisal and requested court approval "because of the active history of this matter"—alluding to the efforts by Dennis to contest his parents' wills and additional litigation based on the no-contest provision in the trust documents.

A hearing was held on April 19, 2022. The court heard testimony from the prospective purchaser—a local realtor who had been working as a property manager, Jason, and Dennis. The court also had the valuations and assorted affidavits in evidence. The purchasing realtor testified Dennis had contacted him about selling the property in 2019 for the Trust, but the trustee did not sell the duplex at that time.[3] The realtor also described repairs and updates the duplex needs, including new windows, doors, siding, and updating the kitchens and bathrooms.

The district court found sale of the duplex would result in the liquidation of the Trust's real estate which "will reduce its operating costs, limit its liability and increase the liquidity of the Trust which all benefit the sole beneficiary." The court also found CBI's appraisal was the most accurate based on comparable sales and the adjustment for depreciation.[4]

Jason filed a motion to reconsider, enlarge, or amend, repeating many of the same arguments in his resistance and making a new argument challenging the validity of the appraisal submitted by CBI.[5] The court denied the motion, and Jason appealed.

---

[3] Dennis wanted the property listed for $250,000, though the realtor had valued the property to list at $175,000 with a sales price of $155,000.

[4] Jason's proffered appraisal did not adjust for depreciation.

[5] Jason filed a brief and exhibits after the hearing without prior approval from the court. He also submitted a number of new exhibits with his motion to reconsider, enlarge, or amend. The district court had closed the record at the end of the hearing and did not admit these exhibits into evidence. "[A]ppellate courts cannot consider materials that were not before the district court when that court entered its judgment." *Alvarez v. IBP, Inc.*, 696 N.W.2d 1, 3 (Iowa 2005).

**II. Standard of Review.**

"Proceedings concerning the internal affairs of a trust . . . are tried in equity. Our review of cases tried in equity is de novo." *In re Tr. No. T-1 of Trimble*, 826 N.W.2d 474, 482 (Iowa 2013) (internal citations omitted). We give weight to the probate court's factual findings, but we are not bound by them. *Id.*

**III. Analysis.**

On appeal, Jason asserts selling the property was not in his best interests and the sale itself happened in "a questionable manner."

Iowa Code chapter 633A (2022), known as the Iowa Trust Code, provides the general legal background underlying trust documents and administration in this state. The Trust Code provides:

> The terms of a trust shall always control and take precedence over any section of this trust code to the contrary. If a term of the trust modifies or makes any section of this trust code inapplicable to the trust, the common law shall apply to any issue raised by such term.

Iowa Code § 633A.1105. A trustee's statutory duties require they administer the trust according to the terms of the trust and the Code, "but nothing in this trust code authorizes a trustee to act in bad faith or in disregard of the purposes of the trust or the interest of the beneficiaries." *Id.* § 633A.4201.

The Trust document here specifies the powers held by the trustee, directing them to "hold, manage, care for, and protect the trust property." Among the powers specifically delegated to the trustee is the power to

> [l]ease without regard to the duration of the trust, sell at either private or public sale, exchange, mortgage, or pledge any property of the trust estate, real or personal, and execute and deliver deeds or other instruments for the conveyance of any property of the trust estate, with such covenants of warranty as the trustee deems appropriate, without approval of any court and without appraisal.

The Trust document also makes its purpose clear, directing the trustee to distribute income and principal "as the trustee deems necessary or advisable for the beneficiary's health, maintenance in reasonable comfort, and education (including post-graduate); and distribute the share to the beneficiary when he . . . attains the age [twenty-five]."

Considering the stated purpose of the Trust, the assets held, and the costs associated with maintaining an older property half a country away from the beneficiary's residence, we agree with the district court that granting the application for permission to sell real estate was in the beneficiary's best interests. The liquidity in the Trust allows the trustee to meet Jason's needs, invest to grow the assets of the Trust, and allows Jason flexibility in pursuing his educational and professional goals. As to the method of sale, the Trust clearly contemplates and allows private sales. The district court's reasoning why CBI's appraisal is more accurate is sound based on the information presented during and before the hearing. We defer to that finding. We find the proposed sale is reasonable and affirm the district court's order granting the Trust's application to sell.

**AFFIRMED.**