# IN THE COURT OF APPEALS OF IOWA

————————————

No. 24-1420
Filed April 1, 2026

————————————

**Ryan Tagge,**
Petitioner–Appellant,

v.

**Iowa Department of Health and Human Services,**
Respondent–Appellee.

————————————

Appeal from the Iowa District Court for Polk County,
The Honorable Scott D. Rosenberg, Judge.

————————————

**REVERSED AND REMANDED**

————————————

Judith O'Donohoe of Elwood, O'Donohoe, Braun & White, LLP,
Charles City, attorney for appellant.

Brenna Bird, Attorney General, and Erin E. Mayfield, Assistant Attorney
General, attorneys for appellee.

————————————

Considered without oral argument
by Ahlers, P.J., and Chicchelly and Sandy, JJ.
Opinion by Ahlers, P.J.

**AHLERS, Presiding Judge.**

This is an appeal following judicial review of a decision by the Iowa Department of Health and Human Services. Because the agency record was not transmitted to the district court, we can only speculate on the nature of the proceedings before the department. Based on the filings in district court, it appears that the department determined that Ryan Tagge denied critical care to his child or failed to provide proper supervision based on an incident that also led to Tagge being charged with child endangerment. After Tagge pleaded guilty to simple-misdemeanor assault to resolve the criminal case, the department also required Tagge to be placed on the central registry as a case of founded child abuse. *See* Iowa Code § 232.71D(3)(b)(1) (2022). An administrative law judge (ALJ) affirmed the department's decision.

Tagge filed a petition for judicial review pursuant to Iowa Code chapter 17A (2024). On the State's motion, the court dismissed the petition, finding it lacked jurisdiction because Tagge failed to exhaust his administrative remedies by not appealing the ALJ's decision to the director of the department. Tagge appeals the district court's decision.

Generally, we cannot decide an issue before us unless a record is transmitted that "would permit an informed consideration of the issue." *Alvarez v. IBP, Inc.*, 696 N.W.2d 1, 4 (Iowa 2005). Although the parties seem to agree that Tagge did not appeal to the director of the department, the district court—and our court—still needs the relevant record to confirm the events before the agency that the parties ask us to review. *See id.* at 3–4 (refusing to decide the issue without a record even though the parties agreed to the relevant facts). When the agency record is absent because the party seeking judicial review failed to notify the agency of the filing of the petition for judicial review—and thus failed to trigger the agency's obligation to

2

transmit the record—we are required to affirm the district court's decision. *See id.* at 2–3. But here, there is no dispute that the department was notified of the filing of the petition for judicial review. This triggered the department's obligation to "transmit to the reviewing court the original or a certified copy of the entire record" within thirty days of the filing of the petition. *See* Iowa Code § 17A.19(6).[1]

Because section 17A.19(6) places the responsibility for transmitting the record on the agency, its failure to do so should not accrue to its benefit by having us affirm the district court's dismissal of Tagge's judicial-review petition. Instead, we reverse the district court's decision to dismiss Tagge's petition and remand to the district court. On remand, the district court shall lift the stay on the agency's obligation to transmit the record, the agency shall fulfill its obligation under section 17A.19(6), and the district court shall then issue a new decision with the benefit of the agency record.

To be clear, we express no opinion regarding the merits of the district court's decision on appeal or whether it needs to be changed following transmission of the agency record. Our decision is not intended to create busy work for the district court or the parties. Rather, our intent is to ensure the accuracy and integrity of our judicial process. By ensuring that a record is transmitted in compliance with the Iowa Code, we avoid making factual determinations which, even if conceded by the parties, may be unsupported

---

[1] We are aware that the agency's motion to dismiss included a request that the district court stay the agency's obligation to transmit the record, and the court granted that request. Assuming without deciding that it was proper to grant the stay, the stay would only operate to delay the obligation to transmit the record. It did not negate it entirely. The statute and our caselaw still require the record, or the relevant part of it, to be transmitted to the district court before it can decide the issue before it. Iowa Code § 17A.19(6); *Alvarez*, 696 N.W.2d at 4.

by the record. This also ensures accuracy and integrity in our review because we can only use the record before the district court in issuing our opinions. *See Alvaraz*, 696 N.W.2d at 3 ("[T]he appellate courts cannot consider materials that were not before the district court when that court entered its judgment.").

Lacking a sufficient record to decide the issue on appeal, we reverse the district court's decision and remand to the district court for further proceedings as outlined in this opinion. We do not retain jurisdiction.

**REVERSED AND REMANDED.**